**Robert Alan JONES, Plaintiff— Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 02–15815.
D.C. No. CV–90–00048–LDG.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 14, 2003.

Robert Alan Jones, Las Vegas, NV, pro se.

Daniel G. Bogden, Las Vegas, NV, Christopher H. LaRosa, Virginia Cronan Lowe, Teresa E. McLaughlin, Attorney,

---

* The panel unanimously finds this case suitable for decision without oral argument, and de-

nies Jones' request for oral argument. See Fed. R.App. P. 34(a)(2).

Paula K. Speck, Marion E.M. Erickson, Washington, DC, for Defendant–Appellee.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

### MEMORANDUM**

Robert Alan Jones ("Jones") appeals pro se the district court's judgment after a bench trial finding that the Internal Revenue Service ("IRS") assessment against him was timely made. Jones also appeals the district court's denial of his Rule 60(b) motion. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error the district court's factual findings, *Ting v. AT&T,* 319 F.3d 1126, 1135 (9th Cir.2003), and for abuse of discretion the denial of a Rule 60(b) motion, *G.C. & K.B. Invs., Inc. v. Wilson,* 326 F.3d 1096, 1108 (9th Cir.2003). We affirm.

■ The IRS submitted a number of official documents (including Form 4340, Form 23C, and Form 8166) to demonstrate that a valid assessment had been made. Jones presented no evidence to refute this showing other than his testimony that he did not receive notice of the assessment. Accordingly, the district court did not err in finding that the assessment had been timely made. *See Hughes v. United States,* 953 F.2d 531, 535 (9th Cir.1992) (holding that IRS official certificates are sufficient, in the absence of contrary evidence, to establish that tax assessments were validly made).

■ Similarly, the district court did not abuse its discretion in denying Jones' Rule 60(b)(2) motion where Jones did not establish that the Osborn affidavit constituted newly discovered evidence that likely would have changed the outcome of the case. *See Jones v. Aero/Chem Corp.,* 921

F.2d 875, 878 (9th Cir.1990) (per curiam) (affirming denial of motion for new trial where movant failed to establish that the outcome of the case likely would have differed in light of the newly discovered evidence).

Finally, the district court's finding that the government did not engage in discovery misconduct was not clearly erroneous and therefore the district judge did not abuse his discretion in denying Jones relief under Rule 60(b)(3). *See De Saracho v. Custom Food Mach., Inc.,* 206 F.3d 874, 881 (9th Cir.2000) (holding that district court did not abuse its discretion in denying 60(b)(3) motion where its factual findings were not "clearly erroneous").

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.